## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

AMERICAN SECURITIES
ASSOCIATION,

              Plaintiff,

    v.

U.S. DEPARTMENT OF LABOR;
MARTY WALSH, in his official
capacity as the Secretary of Labor,

              Defendants.

Civil Action No. 8:22-cv-00330

## JOINT MOTION TO ESTABLISH A SCHEDULE
## FOR SUMMARY JUDGMENT PROCEEDINGS

Plaintiff and Defendants (collectively, the "Parties") respectfully move the Court to adopt the briefing schedule below.  In support of this joint motion, the parties explain as follows.

1.      Plaintiff brought this lawsuit under the Administrative Procedure Act ("APA"). Plaintiff challenges a set of Frequently Asked Questions ("FAQs") that the Department of Labor ("DOL") published regarding fiduciary responsibilities under the Employee Retirement Income Security Act of 1974 ("ERISA").  The complaint was filed on February 9, 2022 and was served on the United States Attorney's Office on

February 17, 2022; accordingly, Defendants' response to the complaint is currently due on April 18, 2022.  *See* Fed. R. Civ. P. 12(a)(2).

2.      On December 18, 2020, DOL published "Prohibited Transaction Exemption 2020-02," a class exemption covering fiduciary investment advice to retirement investors.  *See* Prohibited Transaction Exemption 2020-02, Improving Investment Advice for Workers & Retirees, 85 Fed. Reg. 82798, 82862-66 (Dec. 18, 2020) ("the Exemption").  The Exemption, among other things, permits financial institutions and investment professionals who provide "fiduciary investment advice" to retirement investors to "receive otherwise prohibited compensation." *Id*. at 82862.

3.      In April 2021, the Department issued the FAQs at issue here. *See New Fiduciary Advice Exemption: PTE 2020-02 Improving Investment Advice for Workers & Retirees Frequently Asked Questions*, U.S. Dep't of Labor (Apr. 2021), bit.ly/3Bd17lX.  The Department stated that the FAQs "provide guidance on PTE 2020-02 and information on the Department's next steps in its regulation of investment advice." *Id.* The specific FAQs at issue in this lawsuit are FAQ 7 and FAQ 15. FAQ 7 asks:  "When is advice to roll over assets from an employee benefit plan to an IRA considered to be a on a 'regular basis'?" *Id.* FAQ 15 asks: "What factors should financial

institutions and investment professionals consider and document in their disclosure of the reasons that a rollover recommendation is in a retirement investor's best interest?" *Id.*

4.      On March 25, 2022, counsel for Plaintiff and Defendants conferred and agreed that the case should be decided expeditiously on dispositive motions, including cross-motions for summary judgment, without discovery or any other evidentiary proceedings. The Parties agree that Defendants should be permitted to respond to Plaintiff's forthcoming summary judgment motion in lieu of filing an answer to the complaint.

5.      The Parties jointly propose that the most efficient way to conduct summary judgment briefing would be staggered cross-motions resulting in four briefs as described below.  Additionally, given the lengthy regulatory and litigation history of DOL's regulation of investment fiduciaries, the Parties jointly request a slight enlargement of page limits for their briefs to better address the key issues in the case. Under Local Rule 3.01, if each party's summary judgment motion was briefed separately, each party could file up to 52 pages (25 pages for an opening brief, 7 pages for a reply brief, and 20 pages to oppose the other party's summary judgment motion). The parties, as detailed below, request to reallocate the page limits for their consolidated briefs (35 pages for each

party's first brief and 20 pages for each party's second brief), resulting in only three more pages for each party.

6.     The administrative record that the Department will compile in this case is expected to span thousands of pages and is likely to include a significant amount of material that will not be relied upon by any party for purposes of summary judgment briefing. Accordingly, while Defendants will provide Plaintiff with a full copy of the administrative record, the Parties propose that Defendants file with the court an Index and Certification of the Administrative Record on April 22, 2022, identifying the documents in the administrative record. All record documents cited in Plaintiff's or Defendants' summary judgment briefs will be included in a Joint Appendix that the Parties will file one week after Defendants file their reply brief.

7.     The Parties, therefore, jointly move for a case management order setting the following deadlines and pages limits for cross-motions for summary judgment:

- In lieu of filing an answer to Plaintiff's complaint, Defendants will be permitted to oppose Plaintiff's forthcoming dispositive motion and to file a cross-motion for summary judgment.

- April 22, 2022:  Defendants shall provide the Administrative Record to Plaintiff and file an Index and Certification of the Administrative Record on the docket.

- May 20, 2022:  Plaintiff's motion for summary judgment (brief not to exceed 35 pages).

- June 24, 2022:  Defendants' combined opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment (consolidated brief not to exceed 35 pages).

- July 22, 2022:  Plaintiff's combined reply in support of its summary judgment motion and opposition to Defendants' cross-motion for summary judgment (consolidated brief not to exceed 20 pages).

- August 19, 2022:  Defendants' reply in support of their cross-motion for summary judgment (brief not to exceed 20 pages).

- August 26, 2022: Parties' joint appendix.

- Oral argument will be held on or after September 7, 2022, at the Court's convenience.

Dated: April 7, 2022

/s/ J. Michael Connolly

J. Michael Connolly (*pro hac vice*)
Daniel Shapiro (FL Bar #1011108)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
daniel@consovoymccarthy.com
*Counsel for Plaintiff*

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

BRAD P. ROSENBERG
Assistant Director

/s/ Alexander N. Ely
GALEN N. THORP
Senior Trial Counsel
ALEXANDER ELY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC  20530
Tel: (202) 514-4781 / Fax: (202) 616-8470
galen.thorp@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will automatically send notifications of this filing to all attorneys of record.

/s/ J. Michael Connolly

6

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

The parties have conferred and agree on the resolution of this joint motion. The motion is unopposed.

*/s/ J. Michael Connolly*